**TRENK, DIPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue
West Orange, New Jersey 07052
(973) 243-8600
*Attorneys for Plaintiff,*
*Grove Healthcare Center d/b/a Imperial Care Center*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 13 |
| MICHELE B. VITALE AND DIANNE M. VITALE, | Case No. 11-44048 (NLW) |
| Debtors. | Honorable Novalyn L. Winfield |
| GROVE HEALTHCARE CENTER D/B/A IMPERIAL CARE CENTER, | Adv. Pro. No.: 12-_____ |
| Plaintiff, | |
| v. | |
| MICHELE B. VITALE, | |
| Defendant. | |

### ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY
### OF DEBT PURSUANT TO 11 U.S.C. § 523 AND FED. R. BANKR. P. 4007

Plaintiff Imperial Care Center ("ICC" or "Plaintiff"), by and through its undersigned counsel, Trenk, DiPasquale, Della Fera and Sodono, P.C., by way of Complaint against Defendant-Debtor Michele B. Vitale ("Defendant"), hereby states and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint for a determination that Defendant's debt to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and 523(a)(4).

2. Plaintiff, a New Jersey corporation, is a long term skilled nursing facility located at 919 Green Grove Road, Neptune, New Jersey 07753.

3. The Defendant, an individual, is a chapter 13 debtor in case number 11-44048 (NLW), which is currently pending in this Court. The Defendant filed his chapter 13 petition on November 29, 2011.

4. The Defendant resides at 21 Durand Place, Rochelle Park, New Jersey 07662.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) and (O).

7. Venue of this action is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

8. Michele Vitale Sr. ("Vitale Sr.") is the father of the Debtor and of Vito Vitale.

9. On September 20, 2007, Vitale Sr. was admitted as a resident of ICC.

10. Medicare paid for Vitale Sr.'s care up to October 30, 2007.

11. On October 31, 2007, Vitale Sr. became a private paying resident.

12. On October 27, 2007, Debtor Vitale obtained Power of Attorney for Vitale Sr.

13. Throughout Vitale Sr.'s period of private residency at ICC, the Debtor failed to turn over all of Vitale Sr.'s income to ICC.

2

### ADMISSION AGREEMENT WITH ICC

14. On December 10, 2007, Debtor and ICC entered into a written Admission Agreement (the "Admission Agreement") which required the Debtor to pay Vitale Sr.'s income to ICC.

15. The Admission Agreement states in pertinent part: "[W]hen a person is admitted under the Medicaid program, the Resident/Sponsor must submit the required available income to the facility by the tenth of each month." Additionally, the Admission Agreement provides: "[i]n the event that private funds are exhausted during the Resident's stay, [ICC] shall request payment consisting of the full Social Security benefits and pension as part of the Medicaid/Welfare reimbursement rate." Annexed hereto as Exhibit **"A"** is a true and accurate copy of the Admission Agreement.

### MEDICAID APPLICATION AND PENALTY PERIOD

16. On March 12, 2008, Vitale Sr. became eligible for Medicaid. Debtor Vitale applied for Medicaid benefits on behalf of Vitale Sr.

17. On or around July 31, 2009, the Monmouth County Board of Social Services retroactively approved the Medicaid application from March 12, 2008.

18. Medicaid was not granted during Vitale Sr.'s private pay period (October 31, 2009 through March 11, 2008 – four and one half months).

19. Instead, a penalty period was imposed because Vito Vitale used his father's funds to pay home health aides in questionable amounts.

### BANK ACCOUNTS

20. Vitale Sr. possessed a Wachovia checking account ending in 8111 ("Wachovia Account"). The Debtor became an account owner on the Wachovia Account in October 2007.

21. Vitale Sr. possessed a Commerce checking account ending in 0640 ("Commerce Account"). The Debtor became an account owner on the Commerce Account in November 2007.

## DEBTOR'S FAILURE TO TURN OVER FUNDS DUE TO ICC

22. Vitale Sr. had two pensions: a United Food and Commercial Workers pension ("UFCW Pension"), and a State of New Jersey ("State Pension").

23. The UFCW pension totaled $102 every month, and the State pension totaled $739 every month during 2007 and 2008. During 2009, the State pension totaled $772.05 every month.

**a. 2007 Income**

24. On November 1, 2007, the State Pension and the UFCW Pension were deposited into the Wachovia Account. Annexed hereto as Exhibit **"B"** is a true and accurate copy of the redacted account statement.

25. On November 2, 2007, Vitale Sr.'s social security income in the amount of $1,194 was automatically deposited into the Wachovia Account. Id.

26. The Debtor failed to turn over the State Pension, the UFCW Pension, and the social security income for November 2007.

27. On November 30, 2007, the State Pension was automatically deposited into the Wachovia Account. Annexed hereto as Exhibit **"C"** is a true and accurate copy of the redacted account statement.

28. On December 3, 2007, the UFCW Pension was automatically deposited into the Wachovia Account. Id.

29. On December 3, 2007, Vitale Sr.'s social security income in the amount of $1,194 was automatically deposited into the Wachovia Account. Id.

30. The Debtor failed to turn over the State Pension, the UFCW Pension, and the social security income for December 2007.

**b. 2008 Income**

31. UFCW produced documents indicating that the UFCW Pension was deposited into the Wachovia Account for April, May, and June of 2008. Annexed hereto as Exhibit **"D"** are true and accurate copies of the documents produced by UFCW in redacted form.

32. The Debtor never turned over the April, May, and June UFCW income to ICC.

33. Additionally, the Wachovia Statement for the period March 11, 2008 through April 10, 2008 shows a deposit in the amount of $749.44 from the State. Annexed hereto as Exhibit **"E"** are true and accurate copies of the Wachovia Statement in redacted form.

34. Debtor Vitale failed to turn over in total approximately $7,740 of Vitale Sr.'s pension.

**c. Fraudulent Transactions**

35. The Debtor wrote out various checks to "cash" from the Commerce Account. Annexed hereto as Exhibit **"F"** are true and accurate copies of canceled checks in redacted form.

36. Additionally, the Debtor wrote out a check to "D.W.I. Consultants" from the Commerce Account. Id.

37. Upon information and belief, the Debtor utilized funds from the Commerce Account for personal use. These funds should have been turned over to ICC.

38. On April 22, 2010, Vitale Sr. was discharged from ICC.

39. On September 25, 2010, Vitale Sr. died.

5

## COUNT ONE

### (Defendant's Debt to Plaintiff is Nondischargeable
### Pursuant to 11 U.S.C. § 523(a)(2)(A)

40. The Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

41. The Defendant obtained services for Vitale Sr. through false pretenses and false representations.

42. Vitale Sr. was admitted into ICC on the basis of a binding agreement, the Admission Agreement. Services were granted to Vitale Sr. pursuant to the explicit terms and conditions set forth in the Admission Agreement. In rendering services, ICC reasonably relied upon the Admission Agreement, which was disregarded by the Defendant.

43. Defendant has wrongfully exercised control over the assets of Vitale Sr. and has refused to deliver funds to Plaintiff despite Plaintiff's demands.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows (i) determining that all debts owed by the Defendant to Plaintiff are nondischargeable; (ii) granting Plaintiff the attorneys' fees and costs that it incurred in bringing this action; and (iii) granting Plaintiff such other and further relief as the Court deems just and equitable.

## COUNT TWO

### (Defendant's Debt to Plaintiff is Nondischargeable
Pursuant to 11 U.S.C. § 523(a)(4)

44. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

45. Under the Admission Agreement, ICC relied upon the fiduciary relationship existing between the Defendant and Vitale Sr. The Defendant signed the Admission Agreement as the Responsible Party, and the Defendant was required to act in a fiduciary capacity.

46. Defendant owed a fiduciary duty to Plaintiff to refrain from placing his own interests and/or interests of others over and above the interests of Plaintiff.

47. Defendant owed a fiduciary duty to properly manage Vitale Sr.'s assets.

48. Defendant mismanaged Vitale Sr.'s account, failed to properly safeguard the income and assets of Vitale Sr., thus breaching his fiduciary relationship.

49. Defendant's conduct caused Vitale Sr.'s account balance with Plaintiff to accrue to the amount due and owing of $7,740.

50. As a direct and proximate result of the actions and inactions of the Defendant, the Plaintiff has suffered financially in the amount of $7,740.

51. Defendant's actions and conduct caused Plaintiff's debt to be non-dischargeable pursuant to 11 U.S.C. 523 § (a)(4).

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows (i) determining that all debts owed by Defendant to Plaintiff are non-dischargeable; (ii) granting the Plaintiff the attorneys' fees and costs that it incurred in bringing this action; and (iii) granting the Plaintiff such other and further relief as the Court deems just and equitable.

## COUNT THREE

## (Fed. R. Bankr. P. 7008(b))

51. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth at length herein.

52. Plaintiff incurred and will incur significant legal expenses in order to pursue its claims against the Defendant.

53. Plaintiff is entitled to reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7008(b).

                    **TRENK, DIPASQUALE,**
                    **DELLA FERA & SODONO, P.C.**
                    *Attorneys for Plaintiff, Imperial Care Center*

Dated: October 28, 2012        By:   /s/Richard D. Trenk
                                                  Richard D. Trenk

616989_1